IN THE COURT OF COMMON PLEAS, CLERMONT COUNTY, OHIO

| | | |
|---|---|---|
| JOHN VOIGT<br>2135 Butlers Bridge Court<br>Cincinnati, Ohio 45244 | : | Case No. |
| and | | 2017 CVC 01505 JUDGE MCBRIDE |
| SAMANTHA VOIGT<br>2135 Butlers Bridge Court<br>Cincinnati, Ohio 45244 | | |
| Plaintiffs | | |
| v. | : | Judge |
| THOMAS MOORE<br>1700 Roman WY 913<br>Florence, Kentucky 41042 | | |
| BLUE LINX CORPORATION<br>c/o CT Corporation System<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | | |
| and | | |
| CIGNA HEALTH AND LIFE<br>INSURANCE COMPANY<br>dba Cigna<br>P.O. Box 182223<br>Chattanooga, TN 37422-7223 | | |
| and | | |
| GENERAL MOTORS FINANCIAL COMPANY, INC.<br>4001 Embarcadero<br>Arlington, TX 76014 | | |
| and | | |

2017 NOV 28 AM 11:56
BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS COURT
CLERMONT COUNTY, OH
FILED

1

ALLSTATE INSURANCE COMPANY
P.O. Box 660636
Dallas, TX 75266

and


John Doe No. 1
Name Unknown
Address Unknown

and

John Doe No. 2
Name Unknown
Address Unknown
                Defendants


## COMPLAINT
Jury Demand Attached Hereon
First Cause of Action

1. On or about 12/23/15, Plaintiff John Voigt was driving a 2013 Kia Sor and turning left onto WB 32 with a green left turn arrow in Clermont County, Ohio.

2. On or about 12/23/15, Defendant Thomas Moore was driving 1997 Freightliner semi truck owned by Defendant Bluelinx Corporation while in the course and scope of his duty or otherwise working as the agent for Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned and driving eastbound on 32 and approaching the intersection of SR 74 with a red light.

2

3. On 12/23/15, a collision occurred when Defendant Moore drove through a red light striking Plaintiff's car.

4. The collision was the sole result of the negligence of Defendant Moore who disobeyed a traffic control device in violation of R.C. 4511.12, and 4511.13, et seq..

6. As a direct and proximate result of the negligence of Defendant Moore, Plaintiff incurred medical special damages in the sum of $103,163.72.

7. As a direct and proximate result of the negligence of Defendant Moore, Plaintiff incurred lost income in the sum of $6258.06.

8. As a direct and proximate result of the negligence of Defendant Moore, Plaintiff suffered injuries to his right knee, left knee, shins, shoulders, left elbow, a right knee patella dislocaton with osteochondral fracture, and other injuries both known and unknown at this time.

9. The injuries to Plaintiff's right knee required surgery and is a permanent injury.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe emotional distress, extreme pain and anguish, and loss of enjoyment of life.

11. Defendants have damaged the Plaintiff by negligence.

## Second Cause of Action

12. Plaintiffs repeat and incorporate by reference the allegations stated in paragraphs 1 to 11 of the Complaint.

13. At all times relevant hereto, Defendant Moore was employed by, and was an agent, servant and/or employee of Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned.

14. The above-described acts of Defendant Moore were committed within the scope of his employment with Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned, in that they were committed while on duty and in furtherance of Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned.

15. As Defendant Moore's employer, Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned are responsible for all of the negligent acts committed by Defendant Moore within the scope of his employment.

Third Cause of Action

16. Plaintiffs repeat and incorporate by reference the allegations stated in paragraphs 1 to 15 of the Complaint.

17. Defendant Moore was employed by Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned .

18. The aforementioned acts described herein were committed within the scope of his employment with Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned are responsible for those

acts performed within the scope of Defendant Moore's employment.

19. Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned supplied and arranged for the use of equipment to Defendant Moore.

20. Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned hired Defendant Moore as a truck driver.

21. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned had a duty to investigate Defendant Moore's driving record and driving history.

22. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned failed to properly investigate Defendant Moore's driving history and made insufficient efforts to investigate whether or not Defendant Moore was a safe, fit and competent driver.

23. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned knew, had reason to know or should have known, that Defendant Moore had a record of dangerous, reckless and

incompetent driving and that he would be likely to use the equipment provided in a manner involving unreasonable risk of physical harm.

24. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned knew, had reason to know or should have known, that by hiring Defendant Moore as a semi-truck driver could involve the risk of physical harm to others.

25. Plaintiff Voigt was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Defendant Moore's operation of a truck.

26. The negligence of Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned in entrusting the equipment to Defendant Moore concurrently and proximately caused injury to the Plaintiffs.

## Fourth Cause of Action

27. Plaintiffs repeat and incorporate by reference the allegations stated in paragraphs 1 to 26 of the Complaint.

28. Defendant Moore was employed by Defendant 16. Plaintiffs repeat and incorporate by reference the allegations stated in paragraphs 1 to 15 of the Complaint.

29. The aforementioned acts described herein were committed within the scope of his employment with Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2

whose name and address are currently unknown and cannot reasonably be learned

29. Defendants are responsible for those negligent acts performed within the scope of Defendant Moore's employment.

30. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned hired Defendant Moore as a truck driver.

31. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned had a duty to investigate Defendant Moore's driving record and driving history.

32. Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned failed to properly investigate Defendant Moore's driving history, and made insufficient efforts to investigate whether or not Defendant Moore was a safe, fit and competent driver.

33. Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned knew, had reason to know or should have known, that Defendant Moore had a record of dangerous, reckless and incompetent driving, and he would be likely to use the equipment provided in an unsafe manner involving unreasonable risk of physical harm.

7

34. Defendant Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned knew, had reason to know or should have known, that by contracting with Defendant Moore, his use of a truck could involve the risk of physical harm to others.

35. The acts and omissions of Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned caused the Plaintiffs' injuries.

36. The negligence of Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned in hiring and/or retaining Defendant Moore was a proximate cause of the Plaintiffs' injuries.

Fifth Cause of Action

37. Plaintiffs repeat and incorporate by reference the allegations stated in paragraphs 1 to 36 of the Complaint.

38. The above-described acts of Defendant Moore were committed while he was acting as an agent, servant, and or employee of Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned .

39. The above described acts of Defendant Moore were committed within the scope of his agency and while furthering the business interests of Defendant Bluelinx Corporation and/or for John

8

Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned.

40. As the principals for Defendant Moore, Defendant Bluelinx Corporation and/or for John Doe No. 1 whose name and address are currently unknown and cannot reasonably be learned and for John Doe No. 2 whose name and address are currently unknown and cannot reasonably be learned are responsible for all of the acts committed by Defendant Moore within the scope of his agency.

## Sixth Cause of Action

41. Plaintiff repeats and incorporates by reference the allegations stated in paragraphs 1 to 11 of the complaint.

42. Plaintiff Samantha Voigt is the wife of Plaintiff.

43. As a direct and proximate result of the negligence of Defendants, Plaintiff Samantha Voigt has suffered the loss of consortium involving her husband including the loss of services, society, companionship, comfort, relations, and solace.

44. Defendants have damaged Plaintiff by loss of consortium.

## Seventh Cause of Action

45. Plaintiff repeats and incorporates by reference the allegations stated in paragraphs 1 to 44 of the Complaint.

46. Defendant Allstate Insurance is the financial responsibility insurance carrier for Plaintiffs under Policy No. 992 211773, a copy of the policy is attached hereto and incorporated herein.

47. Plaintiffs' reported the claim to Defendant Allstate who has provided medical payments and other benefits to Plaintiffs, and assigned the matter Claim No. 0396009797.

48. Plaintiffs' may be entitled to additional benefits including but not limited to underinsured

9

motorists benefits, and Defendant Allstate may be entitled to seek subrogation for benefits provided to Plaintiffs.

49. A declaratory judgment is necessary to determine if Plaintiffs are entitled to any additional benefits from Defendant Allstate, and Defendant Allstate should be required to set forth its claim for subrogation or waive the same.

### Eighth Cause of Action

50. Plaintiff repeats and incorporates by reference the allegations stated in paragraphs 1 to 49 of the Complaint.

51. Defendant Cigna Health and Life Insurance Company dba Cigna provided health insurance benefits regarding the collision described above to Plaintiff John Voigt under reference number 7221625990306, a copy of the policy is currently in the sole possession of Defendant Cigna.

52. Defendant Cigna may claim a right of subrogation for benefits provided to Plaintiff.

53. A declaratory judgment is necessary to determine what benefits Plaintiff John Voigt is owed under his policy with Cigna and requiring Defendant Cigna to set forth its claim for subrogation or waive the same.

### Ninth Cause of Action

54. Plaintiff repeats and incorporates by reference the allegations stated in paragraphs 1 to 53 of the Complaint.

55. Defendant General Motors Financial Company, Inc. is the sponsor of the Health Insurance Plan administered by Defendant Cigna, Plan No. 501, EIN 752439888, a complete copy of the policy is currently in the sole possession of Defendant Defendant General Motors Financial Company, Inc. and/or Cigna.

56. Defendant Defendant General Motors Financial Company, Inc. may claim a right of subrogation for benefits provided to Plaintiff.

56. A declaratory judgment is necessary to determine what benefits Plaintiff John Voigt is owed under his policy with Defendant General Motors Financial Company, Inc. and requiring Defendant General Motors Financial Company, Inc. to set forth its claim for subrogation or waive the same.

WHEREFORE, Plaintiff respectfully ask that this Honorable Court award them:

A. Compensatory damages in excess of $25,000.00;

B. Costs;

C. Prejudgment interest from 12/23/15;

D. A declaratory judgment to determine if Plaintiffs are entitle to any additional benefits from Defendant Allstate, and an order requiring Defendant Allstate to set forth its claim for subrogation or waive the same;

E. A declaratory judgment to determine if Plaintiffs are entitle to any additional benefits from Defendant General Motors Financial Company, Inc. , and an order requiring Defendant General Motors Financial Company, Inc. to set forth its claim for subrogation or waive the same;

F. A declaratory judgment to determine if Plaintiffs are entitle to any additional benefits from Defendant Cigna, and an order requiring Defendant Cigna to set forth its claim for subrogation or waive the same;

F. Any other relief that the Court would deem equitable.

/s/ Steven Mathless

*Steven Mathless*

Steven Mathless (0001255)
Attorney for Plaintiff
492 South High Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 252-1333
Fax: (614) 252-1340
Email: Mathst@aol.com

## JURY DEMAND

A trial by jury of eight is hereby demanded.

/s/ Steven Mathless

*Steven Mathless*

Steven Mathless

## NOTICE

This communication is an attempt to collect a debt and information obtained will be used for that purpose. We will assume this debt to be valid unless you dispute the validity of all or any part of it within 30 days of receipt of this letter. If you notify us in writing that you dispute all or a portion of the debt, we will obtain and send to you verification of the debt or a copy of the judgment against you. Upon written request within 30 days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the creditor named above.

12